IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER BROWN,** | : | **CIVIL NO. 1:12-CV-1135** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **WARDEN MONICA RECTENWALD,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Before the court is Petitioner Walter Brown's motion for reconsideration (Doc. 12) of the court's January 22, 2013 memorandum and order denying Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 11). For the following reasons, the instant motion will be denied.

## **I.    Background**

On June 15, 2012, Petitioner, an inmate incarcerated at the Federal Correctional Institution - Medium at Allenwood ("FCI-Allenwood"), in White Deer, Pennsylvania, initiated this action by filing a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Doc. 1.) In his habeas petition, Petitioner alleged that his constitutional rights were violated in the context of a disciplinary proceeding conducted at FCI-Allenwood. Specifically, Petitioner asserted that, after a hearing, a Disciplinary Hearing Officer ("DHO") wrongfully found him guilty of Possession, Manufacture, or Introduction of a Weapon, in violation of Section 104 of the Bureau

of Prisons' ("BOP") disciplinary code. The hearing was related to an incident that had occurred on August 16, 2011, in which a sharpened toothbrush was discovered in a six-man dormitory cell occupied by Petitioner and five other inmates. In his habeas petition, Petitioner claimed that he should not have been held responsible for the weapon, arguing that the weapon was found in a cell he had occupied for only six days and with five other inmates, and that the housing unit was open to all inmates housed there for most of the day. He also claimed that the investigating lieutenant withheld exculpatory evidence, in violation of his due process rights, when he failed to inform the DHO that one of his cellmate's accepted, then recanted, responsibility for the weapon.

After considering the habeas petition and response thereto, as well as further briefing, the court denied the petition, finding that, in light of the evidence presented, there was "some evidence" to support the DHO's decision. (Doc. 11 at pp. 8-11.) Specifically, the court found that the incident report and investigation of the lieutenant assigned to the case, as well as the DHO's acknowledgment that "[n]o inmate assigned to the cell claimed responsibility for the weapon throughout the disciplinary process which places equal responsibility with all inmates assigned to the cell," (Doc. 6-1 at 20), demonstrated that the DHO acted with a sound evidentiary basis. (Doc. 11 at pp. 10-11) (citing *Superintendent v. Hill*, 472 U.S. at 445, 455-56 (1985). Additionally, the court determined that Petitioner's other due process rights were not violated in the

context of the disciplinary proceedings. (*See id.* at pp. 11-14.) Finally, the court explained that, to the extent Petitioner implicated dissatisfaction with the conditions of his confinement, such complaints were not properly asserted in a habeas petition, and would be dismissed without prejudice to his right to file a civil rights action. (*Id.* at 7 n. 5.)

Petitioner filed the instant motion for reconsideration on February 22, 2013.[1] (Doc. 12.) In his motion, Petitioner takes issue with the court's characterization of his petition as one which alleges violations of his constitutional rights in the context of a disciplinary proceeding. He also challenges the court's analysis of his petition using the doctrine of constructive possession, a "probability analysis," and a weighing of the evidence. He also disagrees with the court's finding regarding his civil rights claim. After careful review, the court will deny the motion for reconsideration.

## II. Discussion

---

[1] The court notes the memorandum and order was filed on January 22, 2013, and the instant motion for reconsideration was filed 34 days later. Federal Rule of Civil Procedure 59(e) provides that a motion for reconsideration must be filed within 28 days of the date of entry. Pursuant to the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84, n.2 (3d Cir. 2013) (citing *Pabon v. Mahanoy*, 654 F.3d 385, 391 n. 8 (3d Cir. 2011)). However, in order to benefit from this rule, "the inmate is required to make a declaration that sets forth the date of deposit and that first-class postage has been prepaid." *Id.* (citing *Nara v. Frank*, 264 F.3d 310, 315 n. 3 (3d Cir. 2001)). Because Petitioner failed to comply with these prerequisites, he is not entitled to benefit from this rule. Nevertheless, as the court prefers to consider the motion on the merits rather than dismissing the motion as untimely, the court will exercise its discretion and address the untimely motion on the merits.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) allows a party to move to alter or amend a judgment within 28 days of entry. Fed. R. Civ. P. 59(e). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citation omitted). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, No. 1:05-CV-1148, 2006 WL 529044, *2 (M.D. Pa. Mar. 3, 2006). Reconsideration of judgment is an extraordinary remedy, and such a motion should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Applying the foregoing standard, the court concludes that Petitioner has not demonstrated any of the applicable grounds for reconsideration.  The court finds no intervening change in controlling law and no error of law or fact.  Petitioner's restated arguments regarding the DHO's finding of guilt, as well as his reassertion of his civil rights claim relating to his conditions of confinement, do not constitute new evidence that was unavailable when the court disposed of the habeas petition after determining that there was "some evidence" to support the DHO's decision.  While Petitioner may disagree with the findings and outcome, the court finds no basis to reconsider the earlier decision.  Accordingly, the motion for reconsideration will be denied.

    An appropriate order will issue.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: March 28, 2013.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER BROWN,** | : | **CIVIL NO. 1:12-CV-1135** |
| Petitioner | : | (Judge Rambo) |
| v. | : | |
| **WARDEN MONICA RECTENWALD,** | : | |
| Respondent | : | |

# **O R D E R**

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 12) is **DENIED**.

s/Sylvia H. Rambo
United States District Judge

Dated: March 28, 2013.